The Chief Justice
delivered the opinion of the court.
This is a writ of error to a judgment upon an attachment. The attachment is founded upon the complaint, that the plaintiffs in error “have privately removed themselves out “of the county, or so absconded and concealed themselves “that the ordinary process of law cannot be served upon “them.”
The latter of these alternatives is no doubt a sufficient foundation for the attachment, but the former is clearly not so, as has long since been settled by this court—Hardin, 95. And as the attachment only purports to be founded upon the one or the other, it is impossible to say with certainty which was the true cause of issuing the attachment. For this uncertainty, therefore, the attachment is insufficient.
But it is contended, on the part of the defendant in error, that the attachment is amendable by his affidavit, which is copied into the record. The affidavit, though copied in the record, is certainly no part of it. The affidavit is not required to be in writing, much less that it should be filed or made a part of the record; and if it be not matter of record, it cannot furnish means of amending the attachment. For the record of a suit, after its termination, can only be amended by that which is matter of record.
The judgment must be reversed with cost, and the cause remanded, that the attachment may be quashed with costs.